**ORIGINAL**

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

LAUREN M. NAKAMURA #9781
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Lauren.Nakamura@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 3 1 2024
at ____ o'clock and 10 min. P M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR24-00069 SASP |
| Plaintiff, | ) ) ) | [18 U.S.C. §§ 371, 1029(a)(2), 513(a), 1028A(a)(1), and 1014] |
| v. | ) ) | |
| KALEHUAIWILIIAMEKAMAILE MONTEZ, aka "Maile Montez," and (01) TOTIE TAUALA, (02) | ) ) ) ) | |
| Defendants. | ) ) | |

INDICTMENT

The Grand Jury charges:

## COUNT 1
Conspiracy
(18 U.S.C. § 371)

From at least February 13, 2024, and continuing through on or about March 19, 2024, in the District of Hawaii and elsewhere, KALEHUAIWILIIAMEKAMAILE MONTEZ aka "Maile Montez" ("MONTEZ"), and TOTIE TAUALA ("TAUALA"), the defendants, did knowingly and willfully conspire with each other and others to commit violations against the United States, namely, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), uttering a forged security of a private organization, in violation of Title 18, United States Code, Section 513(a), and making a false statement to a financial institution, in violation of Title 18, United States Code, Section 1014.

## WAYS AND MEANS OF THE CONSPIRACY

MONTEZ and TAUALA obtained credit cards, driver's licenses, bank checks, and personal identifiers belonging to other persons, and used them to make unauthorized purchases for their own financial gain. They also used a forged check in another person's name to make a fraudulent purchase, and provided false information to obtain a vehicle financing loan in TAULA's name.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, MONTEZ and TAUALA committed various overt acts, including, but not limited to, the following:

1. On or about February 13, 2024, TAUALA and MONTEZ entered a spa, where MONTEZ, after falsely identifying herself as Victim S.B., obtained services for TAUALA and MONTEZ from the spa, and paid for those services using a credit card number belonging to Victim D.L.

2. On or about February 18, 2024, TAUALA and MONTEZ entered a car dealership and test drove a vehicle. After the test drive, MONTEZ used a credit card number belonging to Victim D.L. to make a down payment for the vehicle and TAUALA provided false documents, including altered pay stubs, to the car dealership and Santander Bank to secure financing for the vehicle.

3. On or about March 6, 2024, TAUALA and MONTEZ entered a hardware store and purchased goods using a fraudulent check drawn on Victim D.L's checking account. MONTEZ, after falsely identifying herself as Victim T.M., presented a driver's license in the name of Victim T.M. in connection with this fraudulent transaction.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Access Device Fraud
### (18 U.S.C. § 1029(a)(2))

From on or about February 12, 2024 to on or about March 19, 2024, in the District of Hawaii, KALEHUAIWILIIAMEKAMAILE MONTEZ aka "Maile Montez," and TOTIE TAUALA ("TAUALA"), the defendants, used an unauthorized access device, namely, a credit card number belonging to Victim D.L., to obtain goods, services, and other things of value, with the aggregative value of such goods, services, and things of value obtained during this period exceeding $1,000, said use affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(2) and 1029(c)(1)(a)(i).

## COUNT 3
### Forged Security
### (18 U.S.C. § 513(a))

On or about March 6, 2024, in the District of Hawaii, KALEHUAIWILIIAMEKAMAILE MONTEZ aka "Maile Montez" and TOTIE TAUALA, the defendants, with intent to deceive another person and organization, did knowingly utter a forged security of an organization, the activities of which affect interstate and foreign commerce, namely, MONTEZ and TAUAULA presented a hardware store with a forged check for $2,834.43, purportedly drawn on an account maintained by Victim D.L at Territorial Savings Bank.

4

All in violation of Title 18, United States Code, Section 513(a).

## COUNTS 4 THROUGH 5
Aggravated Identity Theft
(18 U.S.C. § 1028A(a)(1))

On or about the dates below, in the District of Hawaii, during and in relation to the felony offense alleged in Count 2 of this Indictment, KALEHUAIWILIIAMEKAMAILE MONTEZ aka "Maile Montez," the defendant, did knowingly possess and use, without lawful authority, the means of identification of another person, specifically the means of identification of the persons listed below:

| Count | Date | Nature |
|---|---|---|
| 4 | March 6, 2024 | Victim T.M's driver's license |
| 5 | March 10, 2024 | Victim T.M.'s driver's license |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 6
False Statement to Financial Institution
(18 U.S.C. § 1014)

On or about February 18, 2024, in the District of Hawaii, KALEHUAIWILIIAMEKAMAILE MONTEZ aka "Maile Montez," and TOTIE TAUALA, the defendants, for the purpose of influencing the actions of Santander Bank, an institution insured by the Federal Deposit Insurance Corporation, knowingly made false statements, and submitted false documents, specifically pay

5

stubs containing dates that had been altered, intending to mislead Santander Bank in connection with a loan application.

All in violation of Title 18, United States Code, Section 1014.

## First Forfeiture Notice

1. The allegations set forth in Count 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B).

2. The United States hereby gives notice that, pursuant to Title 18, United States Code, Section 982(a)(2)(B), upon conviction of the offense charged in Count 2 this Indictment, KALEHUAIWILIIAMEKAMAILE MONTEZ aka "Maile Montez," and TOTIE TAUALA ("TAUALA"), the defendants, shall forfeit to the United States any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 of this first forfeiture notice:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2 of this first forfeiture notice, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

## Second Forfeiture Notice

1. The allegations set forth in Count 6 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. The United States hereby gives notice that, pursuant to Title 18, United States Code, Section 982(a)(2)(B), upon conviction of the offense charged in Count 18 of this Indictment, KALEHUAIWILIIAMEKAMAILE MONTEZ aka "Maile Montez," and TOTIE TAUALA ("TAUALA"), shall forfeit to the United States any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 of this second forfeiture notice:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2 of this second forfeiture notice,

//

//

//

//

//

//

//

//

//

//

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED: October 31, 2024, at Honolulu, Hawaii.

A TRUE BILL,

/s/ Foreperson
FOREPERSON, GRAND JURY

CLARE E. CONNORS
United States Attorney
District of Hawaii

LAUREN M. NAKAMURA
Assistant U.S. Attorney

United States v. KALEHUAIWILIIAMEKAMAILE MONTEZ et al.
Indictment
Cr. No. CR 24-00069 SASP

9